IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE: THOMAS EDWARD WHITE<br><br>*Debtor.* | Case No. 16-00239-SMT<br>Chapter 13<br>Hearing Date: August 20, 2020 |

## OBJECTION TO MOTION FOR RELIEF FROM AUTOMATIC STAY

Thomas Edward White ("White") respectfully submits his opposition to Rushmore Loan Management Service, LLC's ("Rushmore") Motion to Lift the Automatic Stay.

## LEGAL STANDARD

Once a debtor files a bankruptcy petition, creditors "may continue to breathe, eat and sleep and are free to dream about the debtor,"[1] but cannot do anything else with regard to the debtor unless that action falls within a limited and exclusive set of exceptions. The Bankruptcy Code provides two standards for relief from a stay: (1) relief for cause,[2] or (2) where the debtor has no equity in the collateral and the collateral is not necessary for the debtor's effective reorganization.[3]

## ARGUMENT

A. **Rushmore's Motion should be denied out of hand because of the current foreclosure moratorium.**

On March 17, 2020, the Council for the District of Columbia enacted the COVID-19 Response Emergency Amendment Act of 2020 "to address critical needs of District residents

---

[1] See 1 David G. Epstein, Steve H. Nickles & James J. White, Bankruptcy, § 3-1, at 79 (West Prac. ed. 1992).

[2] See 11 U.S.C. § 361(d)(1)

[3] *Id.* at § 362(d)(2)

LAW OFFICES OF
DEAN GREGORY
1629 K STREET NW
SUITE 300
WASHINGTON, DC 20006

and businesses during the public health emergency including … authorities and exemptions regarding health, public safety, [and] consumer protection …."

On May 27, 2020, the Council for the District of Columbia amended the COVID-19 Act to include the Foreclosure Moratorium Emergency Amendment Act of 2020 ("Amended COVID19 Act"). The Amended COVID-19 Act prohibits initiating or conducting residential foreclosure proceedings during a public health emergency, and for 60 days thereafter.

The Amended COVID-19 Act states in pertinent part: "Foreclosure Prohibition. Notwithstanding the provision of any other law, in the case of a residential mortgage, a foreclosure under a power of sale provision contained in any deed of trust, mortgage, or other security instrument **shall not be initiated or conducted** while a public health emergency is in effect …." See Exhibit A. (emphasis added).

On July 2, 2020, Superior Court Judge Laura Cordero issued a stay on all residential foreclosure cases during the moratorium. See Exhibit B. Judge Cordero stated: "This Order applies to all residential mortgage foreclosure cases filed in the Superior Court that involve property that is owner-occupied (and in the case of deceased owners, heir- or beneficiary-occupied) as defined in the emergency legislation. **Parties remain responsible for compliance with local and federal law**." See Exhibit B. (emphasis added).

On July 22, 2020, Mayor Bowser extended her declaration of a public health emergency to October 9, 2020—effective through December 9, 2020.[4]

Undeterred, Rushmore attempts "to foreclose on the property" one week after Mayor Bowser's extension of the public health emergency, and one month after Judge Cordero's stay of foreclosure proceedings. See Doc. 95 p. 2, Section 5. Rushmore even requested unlawful "late charges, attorney's fees, and costs." Id. p. 2, Section 5; see also D.C. Act 23-328 § 202(a)(2).

---

[4] See https://mayor.dc.gov/release/mayor-bowser-issues-new-mayor%E2%80%99s-order-masks-extends-public-health-emergency (Last accessed August 10, 2020).

LAW OFFICES OF
DEAN GREGORY
1629 K STREET NW
SUITE 300
WASHINGTON, DC 20006

Rushmore's bold conduct in open defiance of the COVID-19 Act is worthy of sanctions, not stay relief.

### B. Even if there were no foreclosure moratorium, White's $340,000 equity cushion adequately protects Rushmore's security interest.

"[T]he court shall grant relief from the stay . . . if–(A) the debtor does not have an equity in such property; and (B) such property is not necessary to an effective reorganization."[5]

Here, there is a substantial equity cushion to afford adequate protection of Rushmore's interest in the Property. Rushmore states that as of July 29, 2020, the property is encumbered by one mortgage with a principal balance of $180,000. See Doc. 95 p.2, Section 2. Schedule A values the property at $400,000.00. See Doc. 3. Public records corroborate the fair market value of the property is $520,700.[6] See Exhibit C.

Rushmore nevertheless concludes that "its property interest … is not adequately protected." See Doc. 95 p. 2, Section 4. This conclusory argument of "irreparable injury" is without merit. *Id.* at Section 5. If the property's scheduled value is $400,000, fair market value is $520,700, and the mortgage is only $180,000, Rushmore's property interest is **over secured** by $340,000. And this Court has found a $15,000 equity cushion sufficient for denying a motion to lift the automatic stay.[7]

Despite alleging an emergent need to resolve its claims, Rushmore was content to wait four years—since October 2016—before seeking to lift the automatic stay. See Doc. 95 p. 2, Section 3. Compared to the tremendous hardship lifting the stay would cause to White,

---

[5] *Id.*

[6] See https://www.zillow.com/homes/6312-8th-Street-NW,-Washington,-DC-20011_rb/476739_zpid/ (Last accessed August 10, 2020).

[7] *See, e.g., In re Chedick*, 1996 Bankr. LEXIS 1716, *13 (Bankr. D.C. 1996).

LAW OFFICES OF
DEAN GREGORY
1629 K STREET NW
SUITE 300
WASHINGTON, DC 20006

Rushmore has failed to meet its burden.[8]

White's interest in the Property far exceeds Rushmore's secured claim, and Rushmore presents no evidence the equity cushion is eroding at a rate that threatens Rushmore's interest. Absent that showing, Rushmore's interest is adequately protected and stay relief is unwarranted.

DATED: August 10, 2020

Respectfully submitted,

*Dean Gregory*

Dean Gregory (Bar No. 1008846)
**LAW OFFICES OF DEAN GREGORY**
1629 K Street NW, Suite 300
Washington, D.C. 20006
Telephone: (202) 804-8975
Facsimile: (202) 804-6675
Email: dean@deangregory.com

ATTORNEY FOR THOMAS WHITE

---

[8] See 11 U.S.C. § 362(g)(1).

LAW OFFICES OF
DEAN GREGORY
1629 K STREET NW
SUITE 300
WASHINGTON, DC 20006

## CERTIFICATE OF SERVICE

I hereby certify that on August 10, 2020 I caused a copy of the foregoing *Objection to Relief from Automatic Stay* to be served on all entities on the mailing list maintained by the Court on the Case Management, Electronic Case Filing system as that list appeared at: 12:15p.m. on August 20, 2020.

          *Dean Gregory*
          Dean Gregory

LAW OFFICES OF
DEAN GREGORY
1629 K STREET NW
SUITE 300
WASHINGTON, DC 20006