The document below is hereby signed.

Signed: August 12, 2020



_____
S. Martin Teel, Jr.
United States Bankruptcy Judge

```
               UNITED STATES BANKRUPTCY COURT
                 FOR THE DISTRICT OF COLUMBIA
```

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| THOMAS EDWARD WHITE, | ) | Case No. 16-00239 |
| | ) | (Chapter 13) |
| Debtor. | ) | Not for publication in |
| | ) | West's Bankruptcy Reporter. |

MEMORANDUM DECISION AND ORDER DENYING MOTION FOR
CONTEMPT AND DIRECTING THE DEBTOR'S COUNSEL TO SHOW
<u>CAUSE WHY RULE 9011 SANCTIONS OUGHT NOT BE IMPOSED AGAINST HIM</u>

The debtor's *Motion for Contempt* (Dkt. No. 99) seeks to hold Rushmore Loan Management Services, LLC in contempt. The *Motion* is plainly without merit and will be denied.

The *Motion* notes that in March 2020, the District of Columbia enacted emergency legislation in response to the COVID-19 pandemic prohibiting, among other things, foreclosure-related activities. The *Motion* alleges that:

- 11 U.S.C. § 362(a)(6) bars "any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case."

- 11 U.S.C. § 362(k) authorizes an individual injured by any willful violation of the automatic stay to recover

> > actual damages, including costs and attorneys' fees, and, in appropriate circumstances, punitive damages.
>
> - "There can be no legitimate dispute Rushmore acted willfully and intentionally.  In open defiance of the moratorium and its operational effect, Rushmore initiated proceedings to lift the automatic stay."
>
> - The debtor has been hospitalized for months, and "Rushmore and their counsel have also exposed themselves to liability for violating the D.C. Consumer Protection Procedures Act and the Fair Debt Collection Practices Act."

The *Motion* then seeks an order holding "Rushmore in contempt for violating the foreclosure moratorium" and "[a]ssessing sanctions for Rushmore's willful violations including reimbursement of Mr. White's reasonable attorney's fees and costs," presumably under 11 U.S.C. § 362(k).

 The *Motion* is frivolous.  Seeking relief from the automatic stay cannot be an act in violation of the automatic stay.  Nor for that matter does it constitute the commencement of a foreclosure proceeding in violation of any foreclosure moratorium: if relief from the stay is granted, that will merely allow Rushmore to proceed to enforce its rights under state law subject to state law restrictions regarding the right to foreclose (including any moratorium on foreclosure).  Moreover,

recovering damages for violating the moratorium could only be pursued by filing an adversary proceeding complaint as required by Fed. R. Bankr. P. 7001 and 7003, not by way of a motion for contempt. Finally, recovery of damages under the D.C. Consumer Protection Procedures Act and the Fair Debt Collection Practices Act would similarly require pursuit through an adversary proceeding.[1]

Accordingly, it is

ORDERED that the debtor's *Motion for Contempt* (Dkt. No. 99) is DENIED. It is further

ORDERED that within 14 days after entry of this order, the debtor's counsel, Dean Gregory, shall file a writing showing cause, if any he has, why a sanction of $250, payable to the Clerk, ought not be imposed against him for violating Fed. R. Bankr. P. 9011(b).

[Signed and dated above.]

Copies to: E-recipients.

---

[1] In addition, the debtor's attorney did not make proper service of the *Motion* under Fed. R. Bankr. P. 7004 and did not comply with LBR 9013-1(b)(3) and (4) regarding the contents and deadline of a notice of the opportunity to oppose a motion.