The document below is hereby signed.

Signed: August 19, 2020



_____
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| THOMAS EDWARD WHITE, | ) | Case No. 16-00239 |
| | ) | (Chapter 13) |
| Debtor. | ) | Not for publication in |
| | ) | West's Bankruptcy Reporter. |

MEMORANDUM DECISION AND ORDER IMPOSING
<u>RULE 9011 SANCTIONS AGAINST THE DEBTOR'S COUNSEL</u>

The debtor's *Motion for Contempt* (Dkt. No. 99) sought to hold Rushmore Loan Management Services, LLC in contempt. In the *Memorandum Decision and Order Denying Motion for Contempt and Directing the Debtor's Counsel to Show Cause Why Rule 9011 Sanctions Ought Not Be Imposed Against Him* (Dkt. No. 105), I dismissed the *Motion for Contempt* as plainly without merit, and directed the debtor's counsel, Dean Gregory to show cause why the court ought not impose sanctions against him for violating Fed. R. Bankr. P. 9011(b). Gregory has filed a response (Dkt. No. 106).

Despite the arguments made in that response, sanctions are warranted. The *Motion for Contempt*, in asserting that there was a violation of the automatic stay of 11 U.S.C. § 362(a), was not

"warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law" and thus sanctionable under Rule 9011.

I

The *Motion for Contempt* sought sanctions under 11 U.S.C. § 362(k) or for contempt on the basis that Rushmore's filing of its motion for relief from the automatic stay was itself a violation of the automatic stay. Gregory argues that a District of Columbia statute, applicable during the ongoing pandemic, provides that "a foreclosure action shall not be initiated, and no foreclosure shall be conducted," and that Rushmore's motion for relief from the automatic stay was the initiation of a foreclosure action that violated the statute and thereby the automatic stay.

That argument is so absurd and frivolous that it does not pass muster under Rule 9011(b). If the filing of a motion for relief from the automatic stay *were* the initiation of a foreclosure action, every motion for relief from the automatic stay ever filed in a bankruptcy court to obtain relief from the stay under 11 U.S.C. § 362(a)(1) against commencing a foreclosure action would violate § 362(a)(1) by itself being the commencement of a foreclosure action, and would violate 11 U.S.C. § 362(a)(6) by being an act to collect a claim against the debtor that arose before the commencement of the bankruptcy case. Obviously that

cannot be the case. Nor does the alleged violation of the District of Columbia foreclosure moratorium add any heft to that argument or otherwise suggest a violation of the automatic stay.

Rushmore's motion for relief from the automatic stay sought an order lifting the stay of initiating a foreclosure action, but obtaining such an order is not itself the initiation of a foreclosure action: the required steps for initiating a foreclosure action are set by state law, not by the Bankruptcy Code.

Gregory argues:

> For nearly 50 years the D.C. Circuit has held that initiating collateral proceedings to conduct a foreclosure is a foreclosure action. *See S & G Investment Inc. v. Home Federal Sav. & Loan Assoc.*, 505 F.2d 370, 382 (D.C. Cir. 1974) (Seeking an order to issue a foreclosure notice "by advertisement [is] ... the equivalent of an action to foreclose.").

Gregory has blatantly distorted the holding in *S & G Investment*. Contrary to Gregory's assertion, *S & G Investment* did *not* involve a party's seeking an order to issue a foreclosure notice. Instead, the mortgagee in that case proceeded by way of a nonjudicial foreclosure sale, giving the required statutory notice to the mortgagor and advertising the foreclosure sale as required by statute. The issue was whether the entire debt had been accelerated in the process, such that the proceeds of the sale were properly applied to satisfy the entire debt owed the mortgagee, not just the $355.76 (three months' delinquency) that

gave rise to the foreclosure. It was in the context of that issue that the Court of Appeals stated:

> The commencement of an action for the sum is sufficient in itself to show that the holder exercised its option to accelerate the payment of the principal, and the proceedings to foreclose by advertisement are, for such purpose, the equivalent of an action to foreclose.

*S & G Investment*, 505 F.2d at 381-82 (footnotes omitted). *S & G Investment* provides Gregory no support on the issue of whether the *Motion for Contempt* (in asserting that Rushmore's motion for relief from the automatic stay was itself a violation of the automatic stay) complied with Rule 9011(b).

As the court noted in the prior *Memorandum Decision and Order*, if relief from the stay is granted, that will merely allow Rushmore to proceed to enforce its rights under state law subject to state law restrictions regarding the right to foreclose (including any moratorium on foreclosure). Obtaining such relief will not by itself initiate a foreclosure action.

Gregory has not shown that his contention that there was a violation of the automatic stay was, as required by Rule 9011(b), "warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law." This warrants imposing sanctions against him pursuant to Fed. R. Bankr. P. 9011(c) for violating Rule 9011(b). I determine under Rule 9011(c)(2) that imposition of a $250 fine, payable to the Clerk, is the minimum sanction

necessary to be sufficient to deter repetition of such conduct or comparable conduct by others similarly situated.

II

The *Motion for Contempt* hinted at a right to damages under the moratorium statute, the D.C. Consumer Protection Procedures Act, and the Fair Debt Collection Practices Act.  A proceeding to recover damages under state law could be pursued in this court only by filing an adversary proceeding complaint as required by Fed. R. Bankr. P. 7001 and 7003, as I noted in the prior *Memorandum Decision and Order*.  Gregory's arguments to the contrary in his response to the *Memorandum Decision and Order* are downright silly and just as frivolous as his arguments regarding the automatic stay.  However, the *Motion for Contempt* sought damages for violating the automatic stay and only hinted at the possibility that damages were owed for violating the cited District of Columbia statutes.  I was merely noting that if damages under state law were to be pursued, an adversary proceeding would be necessary.  In other words, the part of the court's order directing Gregory to show cause why the court ought not impose sanctions against him for violating Fed. R. Bankr. P. 9011(b) concerned Gregory's contentions regarding the automatic stay, not his contentions regarding damage claims under state law, and the imposition of sanctions is limited to the contentions regarding the automatic stay.

III

Accordingly, it is

ORDERED that within 14 days after entry of this order, the debtor's counsel, Dean Gregory, shall pay to the Clerk a fine of $250.00 for violating Fed. R. Bankr. P. 9011(b).

[Signed and dated above.]

Copies to: E-recipients.